**1**

**UNITED STATES ex rel. Juliana UNGER, Relatrix Appellant, v. B. M. DAY, as Commissioner, etc., Respondent Appellee.**

Circuit Court of Appeals, Second Circuit.
May 8, 1928.

No. 331.

Appeal from the District Court of the United States for the Southern District of New York.

John M. Lyons, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (A. McK. Sylvester, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Order affirmed in open court.

═══════

**2**

**DeVer H. WARNER, as Trustee for Ira F. Warner, and for Unascertained Beneficiaries, Estate of I. DeVer Warner, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.**

Circuit Court of Appeals, Second Circuit.
June 4, 1928.

No. 298.

Appeal from the United States Board of Tax Appeals.

Arthur M. Marsh, of Bridgeport, Conn., for petitioner.

Mabel Walker Willebrandt, Asst. Atty. Gen., John Vaughan Groner, Sp. Asst. Atty. Gen., and C. M. Charest and L. W. Scott, both of Washington, D. C., for respondent.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. Order affirmed.

═══════

**3**

**Rabbi Wolf WERTHEIMER, Trading as Philadelphia Sacramental Winery, Appellant, v. Samuel O. WYNNE, Prohibition Administrator, Appellee.**

Circuit Court of Appeals, Third Circuit.
June 20, 1928.

No. 3761.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; William H. Kirkpatrick, Judge.

James L. Baxter, Leo Belmont, and Oscar Brown, all of Philadelphia, Pa., for appellant.

Warren C. Graham and John L. Kilcoyne, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM. The appellant was the holder of a permit authorizing him to manufacture, blend, buy, and sell wines for sacramental purposes. A citation was issued against him by the prohibition administrator to show why his permit should not be revoked on the ground, inter alia, that he had unlawfully diverted some 3,000 gallons of wine. Several sessions were had by a hearer, and testimony produced tending to show that, by an inventory taken in appellant's presence and on statements then made by him, such shortage was proven. The appellant produced no evidence to the contrary. The hearer recommended a revocation of the permit, which was done by the administrator, whereupon the permittee filed a bill against him, praying an injunction to restrain him from revoking the permit and closing the plant.

After hearing the court entered a decree dismissing the bill, stating in its opinion: "The evidence disclosed a shortage in the amount of wine in the permittee's inventory of something over 3,000 gallons. The inventory was taken in the presence of the permittee, and was based for the most part on figures given by him as to the contents of the various containers in which the wine was stored. The shortage was unexplained. While the testimony of the officers who took the inventory might have been clearer in some particulars, it is nevertheless quite sufficient to form a basis for the fact finding of the Commissioner." Whereupon the permittee took this appeal.

The testimony in the case satisfies us of the correctness of the court's order, and, as the shortage and diversion justified the action of the court in dismissing the bill, we refrain from discussing other alleged grounds of justification, and limit ourselves to affirming the decree below.